UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSE A. FLORES, <br><br> Plaintiff, <br><br> v. <br><br> MARSHALL COUNTY SHERIFFS DEPT., et al., <br><br> Defendants. | CAUSE NO.: 3:19-CV-1108-JD-MGG |

OPINION AND ORDER

Jose A. Flores, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint. Flores alleges that, since his arrival at the Marshall County Jail in July 2019, Sheriff Hassel and Sergeant Holcomb have subjected him to overcrowded conditions, which causes him to be unable to leave his bed safely and forces him to

sleep near a toilet. They have also forced him to eat on a toilet or the floor instead of at a table. Because Flores is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Flores states a plausible Fourteenth Amendment claim against Sheriff Hassel and Sergeant Holcomb.

Flores also names the Marshall County Sheriff's Department as a defendant. To pursue a claim under Section 1983 against a local governmental entity, a plaintiff must show that his injury was the result of that entity's official policy or practice. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Because the complaint suggests that the Sheriff Department maintains a policy or practice of overcrowding the jail in violation of the Fourteenth Amendment, Flores may also proceed against this defendant.

For these reasons, the court:

(1) GRANTS Jose A. Flores leave to proceed on a Fourteenth Amendment claim against Sheriff Hassel and Sergeant Holcomb for money damages for subjecting him to overcrowded conditions since July 2019;

(2) GRANTS Jose A. Flores leave to proceed on a Fourteenth Amendment claim against the Marshall County Sheriff's Department for money damages for maintaining a policy or practicing of overcrowding at the Marshall County Jail;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassel, Sergeant Holcomb, and the Marshall County's Sheriff's Department at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassel, Sergeant Holcomb, and the Marshall County's Sheriff's Department to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Jose A. Flores has been granted leave to proceed in this screening order.

SO ORDERED on December 18, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT